## AMERICAN SOCIETY FOR TESTING & MATERIALS

v.

## CORRPRO COMPANIES, INC., Michael Baach, Warren Rogers and Warren Rogers & Associates, Inc.

### No. CIV.A. 02–7217.

United States District Court,
E.D. Pennsylvania.

Feb. 27, 2003.

Thomas B. O'Brien, Jr., Joseph B. Silverstein, Klett Rooney Lieber & Schorling, Philadelphia, PA, for Plaintiff.

Rudolph J. DiMassa, Jr., Duane Morris LLP, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court in this declaratory judgment action are the Plaintiff's Motion to Enjoin Later Filed Ohio Lawsuits and the Cross–Motions of Defendants Warren Rogers, Warren Rogers & Associates, Inc. and Michael Baach to Dismiss, Stay or Transfer this case to the U.S. District Court for the Northern District of Ohio. For the reasons which follow, the plaintiff's motion shall be granted and the defendants' motions denied.

### Factual Background

This case has its origins in another lawsuit which was filed on November 12, 1998 in the U.S. District Court for the Northern District of Ohio by Armor Shield and Double Wall Retrofit Systems, Inc. against, *inter alia,* the plaintiff, American Society for Testing & Materials ("ASTM"), and the defendants herein, Corrpro Companies, Inc., Michael Baach, Warren Rogers and Warren Rogers & Associates, Inc. That lawsuit alleged that ASTM and the other various defendants, who were direct competitors with Armor Shield and Double-wall, committed a number of antitrust violations by promulgating certain standards to be employed by the U.S. Environmental Protection Agency in analyzing and assessing underground storage tanks. That suit was settled confidentially on January 29, 2002 without ASTM contributing anything.

However, beginning in 1999 while the *Armor Shield* litigation was ongoing, Defendants herein all sought indemnification from ASTM for their litigation costs and expenses, including the attorneys' fees which they incurred in defending against that suit. Specifically, the defendants argued that under paragraph 10 of its by-laws, ASTM had a duty to indemnify them as they were being sued as the result of having served "on a committee operating under the auspices of the Society." Plaintiff steadfastly refused the Defendants' repeated requests for indemnification and then filed this action on September 10, 2002 seeking a declaratory judgment that it owes no duty of indemnification to defendants as a result of the *Armor Shield* litigation.

Thereafter, after receiving the complaint in this action, Defendants Warren Rogers and Michael Baach filed two separate actions in the U.S. District Court for the Northern District of Ohio seeking indemnification for the attorneys' fees, costs and expenses which they incurred in defending the *Armor Shield* lawsuit.

### Discussion

■ By way of its motion to enjoin the later filed lawsuits and in opposition to the defendants' motions to dismiss, stay or transfer this case to Ohio, ASTM argues that this action was the first one filed and that this forum is the appropriate one to decide the matters in controversy given that it is a Pennsylvania non-profit corporation headquartered in this district, that

Defendants' claims for indemnification arose out of their memberships in ASTM and the decision to deny the indemnification requests were made in and communicated from this district. While Defendants do not dispute these facts, they nevertheless contend that the Northern District of Ohio should hear these issues because that is where the underlying lawsuit was litigated and from which their claims for reimbursement of counsel fees, expenses and costs arose, and because ASTM intentionally and improperly filed suit here with the knowledge and in anticipation of the filing by Defendants of suit in Ohio. In essence then, Defendants aver that the plaintiff engaged in improper "forum shopping" by first filing suit here. Finally, Defendants submit that the interests of judicial economy are best served by dismissing or transferring this case to the Northern District of Ohio in light of the familiarity which that court has with the underlying litigation.

The "first-filed rule" stands for the proposition that in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it. *IMS Health, Inc. v. Vality Tech., Inc.*, 59 F.Supp.2d 454, 463 (E.D.Pa. 1999). Indeed, the Third Circuit has found that the "first-filed rule" encourages sound judicial administration and promotes comity among federal courts of equal rank. *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir.1988). It gives a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court. *Id.; Saudi v. Acomarit Maritimes Services, S.A.*, 245 F.Supp.2d 662, 666–67 n. 3 (E.D.Pa.2003); *Wise Investments, Inc. v. Bracy Contracting, Inc.*, Civ. A. No. 01–3458, 2001 U.S. Dist. LEXIS 24052 at *4–5 (E.D.Pa. Nov. 1, 2001).

The first-filed rule is not a rigid or inflexible rule to be mechanically applied, although a showing of unusual or exceptional circumstances must exist before a court may choose to depart from the rule. *E.E.O.C.*, 850 F.2d at 976; *Stone Creek Mechanical, Inc. v. Carnes Company, Inc.*, 2002 WL 31424390 at *2 (E.D.Pa. Oct. 25, 2002). In particular, a court should not apply the first-filed rule if the facts of the case show forum shopping, bad faith, inequitable conduct or that the second action is further developed than the first at the time the motion is made. *E.E.O.C.*, 850 F.2d at 976–977; *Stone Creek, supra; Butera, Beausang, Cohen & Brennan v. Ryan*, Civ. A. No. 00–2509, 2000 WL 1824171 (E.D.Pa. Dec. 11, 2000).

In this case, we cannot find any evidence of forum shopping, bad faith or inequitable conduct on the part of the plaintiff in filing its declaratory judgment action here. While it is clear that the defendants did make repeated requests and/or demands for indemnification to ASTM or its counsel, beginning in May, 1999, it appears that the last such demands occurred in January and March, 2002—some six and eight months before the plaintiff filed this lawsuit. Moreover, although the defendants did threaten to "take whatever steps are necessary to protect its interests," nowhere on this record is there any evidence that they informed the plaintiff of their intention to file suit in the federal court in Ohio. (See, e.g., Exhibit "A" to Motion of Defendants Warren Rogers and Warren Rogers Associates to Dismiss, Stay or Transfer). From this record then, we can only conclude that the plaintiff's filing of this action was neither a pre-emptive nor anticipatory attempt to forum shop, but was rather made with the intention of obtaining a final resolution of the long-pending question of whether it had a duty to indemnify the defendants as a result of the *Armor Shield* lawsuit.

Furthermore, there is no evidence that the Ohio suits have progressed any further than has this one or that the U.S. District Court for the Northern District of Ohio has any more familiarity or expertise with the issues in those cases than does the undersigned. To be sure, the lawsuits commenced by the defendants in the Northern District of Ohio were commenced some three weeks *after* this action was initiated and, while the assigned judge surely is familiar with the issues in the *Armor Shield* action to which he also was assigned, there is no evidence that his experience with that case will in any way expedite the resolution of the issues in the indemnification actions. For all of these reasons, we shall follow the first-filed rule and shall grant the plaintiff's motion to enjoin the Ohio lawsuits from proceeding and deny the defendants' motions to dismiss, stay or transfer this case to the U.S. District Court for the Northern District of Ohio.

An order follows.

### ORDER

AND NOW, this 27th day of February, 2003, upon consideration of Plaintiff's Motion to Enjoin Later–Filed Ohio Lawsuits and the Cross–Consolidated Motions of Defendants Warren Rogers, Warren Rogers & Associates, Inc. and Michael Baach to Dismiss, Stay or Transfer, it is hereby ORDERED that Plaintiff's Motion is GRANTED, Defendants' Motions are DENIED and Defendants Warren Rogers and Michael Baach are hereby ENJOINED from further proceeding in Case Nos. 1:02CV1961 and 1:02CV1962 in the U.S. District Court for the Northern District of Ohio.